UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                                          No. 01-4157

MARCUS TYRONE WILLIAMSON,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-288)

Submitted: August 10, 2001

Decided: September 17, 2001

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Marcus Tyrone Williamson appeals his 120-month custodial sentence entered on his guilty plea to one count of possession of a firearm by a felon in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 2000). Williamson noted a timely appeal, and his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. However, in his brief, counsel addressed whether his failure to file a motion to suppress evidence relating exclusively to a count the Government agreed to dismiss as part of Williamson's plea agreement could constitute ineffective assistance of counsel.

In order for a defendant to challenge his conviction on direct appeal based on his counsel's ineffectiveness, that ineffectiveness must conclusively appear on the face of the record. *See United States v. Martinez*, 136 F.3d 972, 979 (4th Cir. 1998). Here, Williamson's plea agreement, which contemplates the dismissal of count one, foreclosed the necessity of filing a motion to suppress evidence relating to that count. Accordingly, because the record does not conclusively show that Williamson's counsel was ineffective, we agree that this issue is meritless.

In accordance with *Anders*, we have reviewed the entire record and find no reversible error. Williamson's conviction and sentence are therefore affirmed. However, this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move in this court for leave to withdraw from representation, by a motion stating that a copy thereof was served on the client. In light of these requirements, we deny Williamson's counsel's motion to withdraw as premature. We dispense with oral argument

because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*